### In re MOSAID TECHNOLOGIES, INC., PATENT LITIGATION

**Infineon Technologies North America Corp. v. Mosaid Technologies, Inc., N.D. California, C.A. No. 5:02-5772**

**Mosaid Technologies, Inc. v. Samsung Electronics Co., Ltd., et al., D. New Jersey, C.A. No.2:01-4340**

**No. MDL–1540.**

Judicial Panel on Multidistrict Litigation.

Sept. 15, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

## *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of two actions pending, respectively, in the Northern District of California and the District of New Jersey. Plaintiffs[1] in the Northern District of California action move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of California. Defendants[2] in the New Jersey action support centralization, but express no preference as to transferee district. The common party in the two actions, MOSAID Technologies, Inc. (MOSAID), opposes the motion. If the Panel does determine to order transfer, then MOSAID would favor the District of New Jersey as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. At issue in both of the actions are the same seven complex patents, which purportedly relate to circuitry used in dynamic random access memory chips. Both actions can thus be expected to share factual and legal questions concerning such matters as patent validity, prior art, obviousness and interpretation of various claims of the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to time-consuming and complex matters of claims construction; and conserve the resources of the parties, their counsel and the judiciary.

MOSAID argues, among other things, that given the limited number of actions in this docket, it would be preferable to address any common matters through alternatives to Section 1407 transfer. While we applaud every cooperative effort undertaken by parties to any litigation, we observe that transfer under Section 1407 has the benefit of placing both actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate needs while ensuring that common parties and witnesses are not involved in discovery demands and other pretrial matters in one action which duplicate activity that has already occurred or would occur in the other action.

We are persuaded that the District of New Jersey is an appropriate transferee forum for this litigation. We note that the

1. Infineon Technologies North America Corp.; Infineon Technologies Holding North America Inc.; Infineon Technologies Richmond, LP; and Infineon Technologies AG.

2. Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, L.P.

first-filed action is already proceeding apace in that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Northern District of California is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable William J. Martini for coordinated or consolidated pretrial proceedings with the action pending in that district.